```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION


FIFTH THIRD BANK,

     Plaintiff,
                                    Case No. 8:12-cv-364-T-33TGW
v.

ANCHOR INVESTMENT CORPORATION
OF FLORIDA, ET AL.,

     Defendants.

_____/
```

**ORDER**

This matter is before the Court pursuant to Plaintiff Fifth Third Bank's Verified Motion for Entry of Order Enforcing Assignment of Rents and Sequestering Accounts Receivable and Request for Expedited Hearing Pursuant to Florida Statute § 697.07(6) (Doc. # 3), filed on February 21, 2012. Defendants did not file a response in opposition to the motion within the time frame provided by the Local Rules, and the time for doing so has now passed. Accordingly, the Court considers the motion unopposed. For the reasons that follow, the Court grants the motion to enforce the Assignment of Rents and denies the request for an expedited hearing as moot.

I.   **Background**

Fifth Third Bank initiated this action on February 21, 2012, by filing a verified complaint alleging that Defendant Anchor Investment breached a promissory note held by Fifth Third and seeking, in part, to foreclose a lien on the rents arising out of certain real property owned by Anchor Investment.  Fifth Third moves this Court to issue an order enforcing Fifth Third's lien on the rents collected by Anchor Investment and sequestering any other accounts allowable under Florida law. (Doc. # 3 at ¶¶ 1, 16).

According to Fifth Third, Anchor Investment defaulted under the parties' loan documents by: "(a) failing to provide financial information required under the loan documents []; and (b) failing to pay the full amount of principal and interest due and owing as required under the Note."  (Doc. # 1 at ¶ 27).  Fifth Third asserts that pursuant to the parties' Mortgage, executed on October 4, 2007, and a separate Assignment of Rents also executed on October 4, 2007, Anchor Investment pledged and assigned all rents from the real property to Fifth Third as security for payment of the Note. (Doc. # 3 at ¶ 7).

Section 9.2 of the Mortgage provides:

> In order to secure further payment of the

> Indebtedness and the observance, performance and discharge of the Obligations, Mortgagor hereby sells, assigns, transfers and sets over to Mortgagee all of Mortgagor's right, title and interest in, to and under the Leases, any guaranties of said Leases, and in and to the Rents.

(Doc. # 1-6 at 17).

The Mortgage defines "Rents" as "all of the rents, revenues, income, profits and other benefits now or hereafter arising from the occupancy, use and enjoyment of the Mortgaged Property." (Id. at 3). Under the Mortgage, Fifth Third also claims a lien in:

> All contract rights, *accounts*, instruments and general intangibles, as such terms from time to time are defined in the Florida Uniform Commercial Code, in any manner related to the use, operation, sale, conversion, or other disposition (voluntary or involuntary) of the Land, Improvements, Tangible Property, or Rents, including all permits, licenses, insurance policies, rights of action and other choses-in-action.

(Id. at 29)(emphasis added).

Additionally, Section 1(a) of the Assignment of Rents provides:

> Borrower hereby assigns, transfers and sets over to Lender all of its right, title and interest in and to the following instruments, documents and things:
>
> a. all leases, rents, security deposits, and profits relating to or arising out of the Land, including any proceeds from any purchase options contained in any such leases, whether now or hereafter made, executed and delivered, whether written or verbal, which leases, rents and

-3-

>           profits are hereinafter referred to as
>           "Rents."

(Doc. # 1-15 at 1).

On January 25, 2012, after Anchor Investment's alleged default, Fifth Third sent a written notice pursuant to Section 697.07, Florida Statutes, demanding Anchor Investment to immediately remit all current rents collected or held by Anchor Investment and to deliver all future rents directly to Fifth Third. (Doc. # 3 at ¶ 12; Doc. # 1-21). Fifth Third's motion to enforce the Assignment of Rents and to sequester Anchor Investment's accounts receivable is now before the Court.

## II. **Analysis**

In this diversity case, the Court applies the substantive law of the forum state -- here, Florida -- unless federal law compels a contrary result. Technical Coating Applicators, Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). This Court must apply Florida law in the same manner that the Florida Supreme Court would apply it. See Brown v. Nichols, 8 F.3d 770, 773 (11th Cir. 1993).

### A. **Sequestration of Rents**

Section 697.07(4), Florida Statutes, allows for the sequestration of rents prior to the final adjudication of a

foreclosure action. Unless the lender and borrower have a written agreement to the contrary, an assignment of rents provision becomes enforceable upon the borrower's default and the lender's written demand for the rents. Fla. Stat. § 697.07(3). Once a default and written demand have occurred, "the mortgagor shall turn over all rents in the possession or control of the mortgagor at the time of the written demand or collected thereafter . . . to the mortgagee less payment of any expenses authorized by the mortgagee in writing. Id. Further, the statute provides that "a court of competent jurisdiction, pending final adjudication of any action, may require the mortgagor to deposit the collected rents into the registry of the court, or in such other depository as the court may designate." Fla. Stat. § 697.07(4).

The parties' Mortgage and Assignment of Rents both provide for the assignment of rents. Pursuant to Florida Statute Section 697.07(3), the assignment of rents provisions became enforceable upon Anchor Investment's default and Fifth Third's January 25, 2012, written demand. Fla. Stat. § 697.07(3). The Court therefore finds that the provisions of Florida Statute Section 697.07 have been met. In order to preserve the rents until the claims at issue can be determined, the Court elects to sequester the rents.

The Court must next determine the amount of rents to sequester. As previously noted, the parties' Assignment of Rents designates that Anchor Investment "assigns, transfers and sets over to [Fifth Third] **all** of its right, title and interest in . . . all leases, rents, security deposits, and profits relating to or arising out of the Land." (Doc. # 1-15 at 1)(emphasis added). The Court finds that the parties' contract speaks for itself, and the parties did not contemplate anything other than full sequestration of all rents.

However, under Section 697.07(4), Florida Statutes, the Court may authorize the use of the collected rents to "(a) Pay the reasonable expenses solely to protect, preserve, and operate the real property, including, without limitation, real estate taxes and insurance; (b) Escrow sums required by the mortgagee or separate assignment of rents instrument; and (c) Make payments to the mortgagee." Accordingly, Fifth Third is directed to authorize in writing to Anchor Investment the use of collected rents for such purposes. The parties are directed to confer in good faith to devise the appropriate amount of such expenses as well as the terms for payment, accounting, and oversight.

-6-

Therefore, pursuant to the parties' agreements and Section 697.07, Florida Statutes, the Court requires Anchor Investment to immediately turn over to Fifth Third all rents in Anchor Investment's possession or control at the time of Fifth Third's January 25, 2012, written demand to the present, less payment of any expenses authorized by Fifth Third in writing, to be deposited in an escrow account with Fifth Third.  Anchor Investment shall turn over to Fifth Third all rents hereafter collected, less payment of any expenses authorized by Fifth Third in writing, on the 10th day of each month, to be deposited in the escrow account.

### B.  **Sequestration of Accounts**

Fifth Third also requests the Court to sequester Anchor Investment's "accounts" as that term is defined by Florida's Uniform Commercial Code, Section 679.1021, Florida Statutes, pursuant to the Mortgage's provision that includes such "accounts" as part of the mortgaged property. (Doc. # 3 at ¶ 16; Doc. # 1-6 at  2-3, 29).  Fifth Third argues that such "accounts" would include "sums due from tenants for goods and services provided to tenants that are not part of 'rent' paid under a lease."  (Doc. # 3 at ¶ 16).

Section 679.607(1)(a), Florida Statutes, permits a secured creditor after a default to notify the borrower's

"account debtors," as that term is defined by Florida's Uniform Commercial Code, to redirect to the secured creditor any payments intended for the borrower. See Land-Cellular Corp. v. Zokaites, No. 05-23168-cv, 2006 WL 3039964, at * 9 (S.D. Fla. Sept. 26, 2006). Accordingly, to the extent that any such accounts exist, after notice by Fifth Third to the account debtors, such payments shall be redirected to Fifth Third to be deposited in escrow along with the sequestered rents.

### C.  Additional Conditions

Section 697.07(4), Florida Statutes, provides that "the court shall require the mortgagor to account to the court and the mortgagee for the receipt and use of the collected rents and may also impose other conditions on the mortgagor's use of the collected rents." Accordingly, the Court directs Anchor Investment to provide to Fifth Third within 21 days of the date of this Order all current rental agreements, monthly operating statements, balance sheets, accounts payable aging reports, general ledgers, check registers, credit card receipt reports, rent rolls, occupancy reports, and any other documents or information reasonably requested by Fifth Third that relate to the real property that is the subject of this action.  Anchor Investment shall provide past and future

-8-

records as delineated above, if available, within 21 days of Fifth Third's reasonable request in writing for same. Additionally, going forward, on the 10th day of each month, Anchor Investment shall provide to Fifth Third a balance sheet and detailed income and expense statements prepared on both cash and accrual basis, showing information for both the previous month and the year to date, as well as the previous month's check register and general ledger.

Finally, upon reasonable notice, Fifth Third shall have the right to physically inspect the real property and the original records and books of Anchor Investment, including, but not limited to, cancelled checks, check registers, ledgers, invoices, and cash disbursement journals.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Fifth Third Bank's Verified Motion for Entry of Order Enforcing Assignment of Rents and Sequestering Accounts Receivable (Doc. # 3) is **GRANTED** consistent with the terms detailed herein.

(2) Fifth Third Bank's Request for Expedited Hearing Pursuant to Florida Statute § 697.07(6) (Doc. # 3) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of April, 2012.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record